**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **E. MORAN, INC.** | Civ. No. _____ (\_\_\_) |
| **PLAINTIFF,** <br> v. <br><br> **TOMGAL, LLC, D/B/A ROBIN RUTH;** <br> **D/B/A RRP TRADING LIMITED,** <br><br> **JOHN DOE; ABC CORPORATION** <br><br> **DEFENDANTS** | **RE: DIVERSITY JURISDICTION; BREACH OF CONTRACT; CONTRACTUAL BAD FAITH; DAMAGES AND PRELIMINARY INJUNCTION UNDER THE PUERTO RICO DEALER'S ACT** <br> **Act. No. 75 of June 24, 1964, as amended, known as "Puerto Rico Dealers Act", 10 L.P.R.A. 278 *et seq.*; COLLECTION OF MONIES** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**NOW COMES** Plaintiff, E. Moran, Inc., through its undersigned attorneys, and respectfully states, alleges and prays as follows:

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is founded on Section 1332 of the Judicial Code, 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs. Venue is proper in this district under 28 U.S.C. § 1391 (a) and (c).

**THE PARTIES**

2. Plaintiff, E. MORAN, INC., (hereinafter, Moran) is a corporation duly organized, existing, and doing business under the laws of the Commonwealth of Puerto Rico. Its main offices are located on Carr. 865r Km. 0.2 Bo. Candelaria, Toa Baja, Puerto Rico, 00949 and its mailing address is PO Box 355, Sabana Seca, Toa Baja, Puerto Rico, 00952.

1

3. Defendant, TomGal, LLC, (herein, TomGal or Robin Ruth) upon information and belief, is a limited liability company organized, existing, and doing business under the laws of Florida, with its principal place of business located at Fort Lauderdale, Florida.

4. Upon information and belief, TomGal does business as "RRP TRADING LIMITED" and/or "Robin Ruth".

5. JOHN DOE AND ABC CORPORATION are unknown parties whose names are unknown at the time and who are also responsible to Plaintiff for the damages set forth in this Complaint.

### FACTS COMMON TO ALL CAUSES OF ACTION

6. Moran is a company with more than eighteen (18) years of experience in Puerto Rico's tourism market and is involved, among other things, in the business of distributing souvenirs, apparel, and tourism related products.

7. Robin Ruth, upon information and belief, is engaged in the business of souvenir and merchandise wholesales, including in the Commonwealth of Puerto Rico through Plaintiff, Moran.

8. On or about summer of the year 2012, Moran and Robin Ruth entered into an exclusive distribution agreement, in which Robin Ruth appointed Moran as the exclusive distributor of its products in Puerto Rico. Ever since, Moran has been the only company to have distributed Robin Ruth's products in the Puerto Rico.

9. Throughout the duration of the exclusive distribution agreement, Moran performed the typical functions that characterize distributors, among others, the promotion of the products and the closing of sales contracts, warehousing of inventory, delivery of the goods, sale on credit at its own risk, placed purchase orders for drop or direct shipments for customers that buy goods in large quantities and billed such customers, established the price at which it sells the products, provided merchandising services, and did all other functions that are required for the successful

distribution of the products.

10. At some point during the parties' relationship, Robin Ruth began to undermine, breach, and impair the parties' exclusive distribution agreement without just cause, in clear detriment to Moran.

11. Particularly, during the year 2021, Robin Ruth's shipments for Moran delayed beyond normal. Specifically, although during the parties' relationship all orders were shipped around 50 to 60 days after each purchase order was placed, on 2021 delivery of purchase orders took around 150 days.

12. Nevertheless, while Moran's shipments were belated, Robin Ruth's deliveries for other markets where it has no distributors, such as Florida, were receiving merchandise at a faster pace.

13. Subsequently and after receiving in 2022 the merchandise that was ordered in 2021, on February of 2022, Moran placed a subsequent purchase order for which about 50% ($94,213.48) was paid in advance by Moran on April of 2022, as was the customary practice between the parties during the last decade.

14. Afterwards, Moran placed a second purchase order on May of 2022, which was confirmed as received by Robin Ruth on the same date.

15. Nevertheless, Robin Ruth failed to fulfill and deliver the products related to the purchase orders placed in February and May of 2022, and also kept the deposit already paid to that end by Moran.

16. By July of 2022, instead of fulfilling and delivering Moran's pending purchase orders, Robin Ruth never delivered any of them.

17. Consequently, for almost a year now, Robin Ruth has refused to service and deliver the purchase orders placed by Moran, for which Moran already paid the required deposit.

18. Instead of delivering, Robin Ruth has conditioned the delivery of such products, or the

3

return of the deposit paid by Moran on either: (1) the execution of a written new distribution agreement which unilaterally changes the terms of the distribution relationship for the past ten (10) years; or (2) the execution of a written agreement to terminate the distribution relationship with no compensation.

19. As if the foregoing were not enough, Robin Ruth has been withholding payment over pending invoices regarding Robin Ruth products sold by Moran to several Walmart stores in Puerto Rico on the year 2022.

20. Payment terms between the parties for those sales were Net 60 days from the issuance date of each purchase order.

21. To date, Robin Ruth still owes Moran $65,934.39 for pending invoices regarding Robin Ruth products sold by Moran to several Walmart stores in Puerto Rico on the year 2022.

22. Moran has attempted to contact Robin Ruth regarding the payment of these invoices and to inquire as to the latest withholding made on last payments made, but Robin Ruth has declined to answer any of Moran's emails to that regard and to pay the corresponding invoices.

23. Clearly, Robin Ruth's intentions since the beginning were not to honor the agreements it reached with Moran, but to benefit from Puerto Rico's market and from Moran's efforts to tarnish the parties' relationship and withdraw its distribution from Moran.

24. As a result, Robin Ruth's breach to the parties' agreements and its unequivocal desire to tarnish the relationship and withdraw its distribution from Moran without compensating it for its achievements over Robin Ruth's products in Puerto Rico's market has tarnished the distribution relationship and is causing damages to Moran, which in turn result in a complete disregard to the Puerto Rico Dealer's Act.

**FIRST CAUSE OF ACTION**
**PRELIMINARY INJUNCTION**

25. Moran re-alleges and incorporates by reference as if fully set forth herein the allegations in paragraphs 1 through 24, inclusive, of its Complaint.

26. Robin Ruth's acts by failing to serve and deliver Moran's purchase orders, unilaterally attempting to change the terms of the distribution relationship, and to force Moran to execute a termination agreement should it fail to execute a new written agreement altering the terms of the distribution relationship, if allowed to proceed, has caused and will continue to have devastating economic consequences for Moran as -to this date- Moran has lost over $1,000,000.00 in sales of Robin Ruth products.

27. Given the irreparable harm that Moran stands to suffer if Robin Ruth's conduct remains pending trial on the merits, Moran respectfully requests that this Honorable Court, during the pendency of this litigation, grants a preliminary injunction pursuant to Puerto Rico Dealers' Act, 10 P.R. Laws Ann. § 278 b-1, ordering Robin Ruth to cease, desist and refrain from impairing the parties' exclusive distribution relationship.

28. Specifically, Moran respectfully requests this Honorable to issue an Order as follows:

   i. Order Robin Ruth to release and deliver all pending purchase orders placed and paid by Moran to serve its clientele, and to serve all other purchase orders that may be placed during the pendency of this litigation;

   ii. Order Robin Ruth to refrain from appointing a different distributor in Puerto Rico during the pendency of this litigation, and to cease all pending or potential conversations to appoint a different distributor in Puerto Rico;

   iii. Order Robin Ruth to refrain from changing any of the terms and conditions of the exclusive distribution relationship between the parties, including, without limitation, refusal to serve purchase orders, changing purchase orders payment terms, changing prices, and forbidding Moran from buying products from

sources different than Robin Ruth.

**SECOND CAUSE OF ACTION**
**DAMAGES DUE TO IMPAIRMENT AND/OR TERMINATION OF**
**AN EXISTING DISTRIBUTOR RELATIONSHIP**

29.Moran incorporates and re-alleges by reference paragraphs 1 through 28, inclusive, of its Complaint.

30.Every achievement accomplished regarding Robin Ruth's products in Puerto Rico was at the expense and efforts of Moran. Robin Ruth's line of products constituted one of Moran's principal sources of revenue and has increased during the years.

31. Overall sales of Robin Ruth's products distributed by Moran in 2013, reached an excess of $568,000.00, of which Moran's profits were over $317,000.00.

32.Said amounts continuously increased over the years, given the acceptance of the products in the market due to Moran's efforts. For example, on the year 2021, overall sales of Robin Ruth's products distributed by Moran reached $2,214,000.00, of which Moran's profits were over $1,323,900.00.

33.To date, notwithstanding Robin Ruth's failure to deliver all purchase orders placed by Moran in 2022 and those others that may have been placed under normal circumstances within the current year, Moran has sold over $1,435,000.00 in Robin Ruth's products during 2022, for a profit of over $869,500.00.

34.Robin Ruth failed to honor its obligations towards Moran by discontinuing the delivery of merchandise to serve Moran's market, which tarnished the distribution relationship and caused Moran over $1,000,000.00 in damages.

35. Robin Ruth's arbitrary decision and its intent to tarnish the parties' relationship are not only detrimental to Moran's exclusive distribution rights, but also deprive Moran from one of its most important and extremely valuable line of products, the beneficial flow the line generates,

6

and the value it adds to Moran's business.

36. Robin Ruth's arbitrary decision and its intent to tarnish the parties' relationship by dishonoring the agreements reached and attempting to either force Moran to execute a new and different distribution agreement or remove its distribution from Moran without indemnifying Moran, impairs Moran's exclusive distribution rights, violate Act 75 of June 24, 1964, and therefore constitute a commercial tort. As result Moran has sustained, and will continue to sustain, significant money damages in the form of loss of business and profits, loss of goodwill and the dilution of its standing in the business community as an exclusive distributor.

37. The end result of Robin Ruth's decision has damaged Moran's sales and goodwill. Currently, Moran estimates the value of its damages resulting from Robin Ruth's breach of its contractual obligations to be as follows -amounts which Moran hereby respectfully requests the Court to order Robin Ruth to pay to Moran-:

a.      An amount of not less than $50,000.00 for the actual value of amounts spent in the acquisition of distribution rights and advertising efforts, as well as for the amounts spent to adequate facilities and racks in points of sale of Robin Ruth's products which cannot be used for any other products or merchandise.

b.      The present value of the goodwill attributable to the distribution of the Robin Ruth's line.

c.      $1,000,000.00 in lost sales in the year 2022 considering the purchase orders that were placed and not fulfilled by Robin Ruth, in addition to subsequent purchase orders that would have been placed under the normal course of business.

d.      Over $4,485,500.00, which is the sum of the profits obtained by Moran during the last five (5) years of its distribution of Robin Ruth's products in Puerto Rico.

**THIRD CAUSE OF ACTION**

## ATTORNEYS' FEES

38. Moran re-alleges and incorporates by reference as if fully set forth herein the allegations in paragraphs 1 through 37, inclusive, of its Complaint.

39. Robin Ruth's intent to unilaterally breach the distribution agreement with Moran by attempting to either force Moran to execute a new and different distribution agreement or remove its distribution from Moran without indemnifying Moran is an obvious intention to violate the law.

40. Moran made good faith efforts to reach a realistic and amicable solution to the matter at hand, but Robin Ruth failed to reciprocate such efforts to avoid this litigation. Instead, Robin Ruth restated its desire to either force Moran to execute a new and different distribution agreement, force Moran to relinquish its right to sell products from different sources or remove its distribution from Moran without indemnifying Moran.

41. Clearly, Robin Ruth's arbitrary actions have the intention to take over Moran's sales and distribution of Robin Ruth's line of products in the territory of Puerto Rico, while keeping Moran's clientele and business network.

42. Robin Ruth's actions and unilateral decision to impair Moran's exclusive distribution rights by tarnishing the parties' relationship and attempting to remove its distribution from Moran without indemnifying Moran, are clearly in contravention with the Puerto Rico Dealers' Act, 10 P.R. Laws Ann. § 278e; and its determination to go ahead with said decision establishes Robin Ruth as a bad faith adversary, leaving Moran with no other course of action but to file this lawsuit to defend its exclusive rights.

43. Accordingly, Robin Ruth should be ordered to pay all of Moran's litigation costs and attorneys' fees.

44. Robin Ruth is liable to Moran for all the sums of money established in this Complaint.

## FOURTH CAUSE OF ACTION
## COLLECTION OF MONIES

45. Moran re-alleges and incorporates by reference as if fully set forth herein the allegations in paragraphs 1 through 44, inclusive, of its Complaint.

46. During the year 2022, Moran sold Robin Ruth products to several Walmart stores in Puerto Rico.

47. Payment terms between the parties for those sales were Net 60 days from the issuance date of each purchase order.

48. To date, Robin Ruth still owes Moran $65,934.39 for pending invoices which are past due.

49. Moran has attempted to contact Robin Ruth regarding the payment of these invoices and to inquire as to the latest withholding made on last payments made, but Robin Ruth has declined to answer any of Moran's emails to that regard and to pay the corresponding invoices.

50. Moran respectfully requests the Court to order Robin Ruth to pay Moran all monies owed for pending invoices regarding sales made by Moran to Walmart stores in Puerto Rico, which to date consists of an amount of $65,934.39.

## PRAYER AND RELIEF

**WHEREFORE**, Moran respectfully demands judgment in its favor and against Defendant and prays:

a. Schedule a preliminary injunction hearing in the upcoming month of January at a date available for the Court, the parties and their counsel;

b. Issue a preliminary injunction pursuant to the provisions set forth in Puerto Rico Dealers' Act, 10 P.R. Laws Ann. § 278, ordering as follows:

   i. Order Robin Ruth to release and deliver all pending purchase orders placed by

9

Moran to serve its clientele, and to serve all other purchase orders that may be placed during the pendency of this litigation.

    ii. Order Robin Ruth to refrain appointing a different distributor in Puerto Rico during the pendency of this litigation, and to cease all pending or potential conversations to appoint a different distributor in Puerto Rico.

    iii. Order Robin Ruth to refrain from changing any of the terms and conditions of the exclusive distribution relationship between the parties, including, without limitation, refusal to serve purchase orders, changing purchase order payment terms, and changing prices.

c. To enter judgment in favor of Moran and against Robin Ruth, compelling Robin Ruth to perform in accordance with the existing legislation in Puerto Rico regarding Distribution Contracts.

d. To enter judgment against Robin Ruth entitling Moran to recover from Robin Ruth the monetary value for all damages as established in the Complaint.

e. To order Robin Ruth to pay all of Moran's litigation costs and attorneys' fees.

f. To order Robin Ruth to pay Moran all monies owed for pending invoices regarding sales made by Moran to Walmart stores in Puerto Rico, which to date consists of an amount of $65,934.39, and,

g. To provide any other relief that it deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 29th day of December 2022.

**IT IS HEREBY CERTIFIED** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filling to the attorneys of record.

**HOGLUND & PAMIAS, PSC**
256 Eleanor Roosevelt Street San
Juan, Puerto Rico 00918

Telephone: 787-772-9200/9834
Fax: 787-772-9533
Attorneys for Defendants

*s/Samuel F. Pamias-Portalatin*
Samuel F. Pamias-Portalatin
USDC No. 220309
Email: samuel@hhoglund.com

*s/Jaime A. López-Rodríguez*
Jaime A. López-Rodríguez
USDC No. 228410
Email: jaime@hhoglund.com