## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

E. MORAN, INC.,

    Plaintiff,

    v.

TOMGAL, LLC, et al.,

    Defendants.

Civ. No. 22-1647 (ADC)

## OPINION AND ORDER

Pending before the Court are plaintiff E. Morán Inc.'s ("plaintiff") motion for preliminary injunction, **ECF No. 8**, the United States Magistrate Judge Giselle López-Soler's ("Magistrate Judge") Report and Recommendation ("R&R"), **ECF No. 60**, and plaintiff's objections to the R&R, **ECF No. 65**. Aside from the injunction-related filings, Tomgal, LLC, d/b/a Robin Ruth ("defendant") seeks dismissal of the complaint for failure to state a claim, **ECF No. 23**. Plaintiff moved to amend the complaint. **ECF No. 74**.

### I.    Procedural background

Plaintiff filed the instant action asserting claims under the Puerto Rico Dealer's Act, 10 P.R. Laws Ann. § 278 *et seq*. (for ease of reference, "Law 75"). **ECF No. 1**. It seeks injunctive relief, collection of monies, damages due to the impairment or termination of their distribution relationship, and attorney's fees. *Id*. Specifically, plaintiff claims to be the distributor of

defendant (a wholesaler of souvenirs and other merchandise) in Puerto Rico. According to the complaint, the relationship soured when defendant delayed shipments in 2021, failed to deliver purchase orders in 2022, and withheld payment over pending invoices from a third party (Walmart stores in Puerto Rico) in 2022. *Id.*, at 3-4.

On January 17, 2023, plaintiff filed a motion for preliminary injunction. **ECF No. 8**. The Court referred the motion for preliminary injunction and related filings to the Magistrate Judge. **ECF No. 12**. Before the conclusion of the evidentiary hearing, on February 13, 2023, defendant moved to dismiss the second cause of action of the complaint pursuant to Fed. R. Civ. P. 12(b)(6). **ECF No. 23**. On even date, defendant filed its response to plaintiff's motion for preliminary injunction and moved for an extension of time to file its responsive pleading. **ECF No. 24, 26**. Replies and sur-replies ensued.

The Magistrate Judge held an evidentiary hearing on February 24, March 1 and 15, 2023 to address plaintiff's request for a preliminary injunction. **ECF Nos. 42, 49, 50**. Post-hearing briefs followed. **ECF Nos. 55**, **56**. Plaintiff then opposed defendant's motion to dismiss. **ECF No. 57**.

On May 2, 2023, the Magistrate Judge entered its R&R. **ECF No. 60**. The Magistrate Judge recommends that plaintiff's request for a preliminary injunction be denied. *Id*. Plaintiff filed objections to the R&R. **ECF No. 65**. Defendant filed a response to plaintiff's objections. **ECF No. 79**.

On June 8, 2023, plaintiff moved for leave to amend the complaint under Fed. R. Civ. P. 15. **ECF No. 74**. Defendant opposed. **ECF No. 86**. Plaintiff moved for leave to reply, **ECF Nos. 87**, **88**, and defendant moved for leave to sur-reply, **ECF Nos. 89**, **91**.

## II.    Legal Standard

### A.    Reports and Recommendations

United States Magistrate Judges are granted authority to make recommendations on pretrial matters dispositive of a claim or defense, while the ultimate resolution of dispositive motions remains at the discretion of the presiding judge. *See*, 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(a), (b)(1); *accord* L. Civ. R. 72(a)(7) to (9). Any party adversely affected by the recommendation issued may file written objections within fourteen (14) days of being served with the report and recommendation. Fed. R. Civ. P. 72(b). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop,* 389 F. Supp. 2d 189, 191–92 (D.P.R. 2005) (citing *United States v. Raddatz,* 447 U.S. 667, 673 (1980)). "The district court need not consider frivolous, conclusive, or general objections." *Rivera–García v. United States,* Civ. No. 06–1004 (PG), 2008 WL 3287236, *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n,* 834 F.2d 419 (5th Cir. 1987)).

Moreover, to the extent the objections amount to no more than general or conclusory objections to the report and recommendation, without specifying to which issues in the report the party is objecting, or where the objections are repetitive of the arguments already made to

the magistrate-judge, a *de novo* review is unwarranted. *Id.* (emphasis supplied). "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan,* 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to ... submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636(b)(1); *see also, Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir. 1985); *Álamo Rodríguez v. Pfizer Pharma., Inc.,* 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Hence, the court may accept those parts of the report and recommendation to which the party does not object. *See, Hernández–Mejías v. General Elec.,* 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility,* 334 F. Supp. 2d 114, 125–26 (D.R.I. 2004)). The Court, however, "is not required to make separate findings of fact or issue an opinion setting forth its own reasoning." *U.S. v. Bach,* 388 F. App'x 2 (1st Cir. 2010) (citing *Jonco, LLC v. ALI, Inc.,* 157 F.3d 33, 35 (1st Cir. 1998).

### B.    Amending pleadings

"The Civil Rules take a liberal stance toward the amendment of pleadings, consistent with the federal courts' longstanding policy favoring the resolution of disputes on the merits." *Amyndas Pharmaceuticals, S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 36 (1st Cir. 2022)(citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Under Fed. R. Civ. P. 15(a) the Court "should freely give" leave to amend. Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. at 182.

## III.    Discussion

### A.    The motion for leave to amend the complaint and the motion to dismiss

Because an amendment generally supersedes the previous pleading, *see Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008), potentially mooting the current version of the motion to dismiss filed by defendant, the Court will first address plaintiff's request for leave to file an amended complaint. **ECF No. 74**.

In its motion for leave to amend, plaintiff first points out that defendant is yet to file a responsive pleading. **ECF No. 74 at 1.** However, defendant did file a partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which, like a responsive pleading, bumps plaintiff's request to amend from Fed. R. Civ. P. 15(a)(1) to 15(a)(2).

Plaintiff then argues that leave should be granted because it became "aware of new facts" after defendant moved for partial dismissal. *Id*., at 2. As to this point, plaintiff contends that during the evidentiary hearing held for purposes of the preliminary injunction, it "learned of [defendant]'s unequivocal desire to terminate [plaintiff] as its distributor." *Id*. In plaintiff's words, defendant's intent to terminate the agreement "did not materialize until recently, on June 6, 2023, when [plaintiff's representative] was contacted by Walmart's Buyer, in Puerto Rico… who informed… that [defendant]'s CEO… had contacted her to inform that [plaintiff] was no longer [defendant]'s distributor." *Id*. This communication, plaintiff contends, constituted an "interference with [its] clients" and evidence of the termination of plaintiff as "as its exclusive distributor in Puerto Rico." *Id*. Ultimately, in plaintiff's view, defendant "has now officially terminated the [distribution relationship]." *Id*., at 3.

Defendant opposed arguing the amendment is futile and frivolous. As such, it adds, the amended version of the complaint cannot survive Fed. R. Civ. P. 12(b)(6) either. **ECF No. 86**. First, defendant asserts that the proposed amendment "seeks… to rectify [the original complaint's] deficient claim for termination without cause." **ECF No. 86** at 1. Indeed, defendant states, the "new allegations in the Amended Complaint are baseless attempts at curing the

deficiencies of the Complaint to survive" its partial motion to dismiss. *Id.*, at 2. A "desperate attempt… to cure the defects of the original complaint[,]" defendant reiterates. *Id.*, at 9.

Next, defendant argues that the new information (*i.e.* a communication in which defendant allegedly informed a third party of the termination of plaintiff as a distributor) is "false." *Id.*, at 9, 10, 11. In support, it submitted an email that, according to defendant, is the communication alluded to in the new allegations.[1] It further argues that the content of the email belies plaintiff's allegation and shows that nothing related to the "termination" was mentioned. *Id*.

Defendant also argues that the proposed amendment's new allegation (paragraph 27) is hearsay and, as such, cannot be deemed as a well-pleaded fact for Fed. R. Civ. P. 12(b)(6) purposes. **ECF No. 86** at 11.[2] In its fourth argument, defendant emphasizes that the proposed amendment cannot rectify the original complaint's defects because a "third-party cannot terminate a distributorship agreement" under Law 75.  Finally, defendant theorizes that even if accepted, the fact remains that plaintiff's original thesis already assumed that the agreement had been terminated. *Id.*, at 13-14. That thesis, defendant stresses, was heard during the preliminary injunction hearing and rejected by the Magistrate Judge. In any event, defendant adds, the

---

[1] "27. Nevertheless, Robin Ruth's clear intent to terminate Moran materialized recently, on June 6, 2023, when Moran was contacted by Walmart's Buyer, Ms. María de Lourdes Trinidad, who informed Moran that Robin Ruth's CEO, Mr. Benjamin Jablonski had contacted her to inform that Moran was no longer Robin Ruth's distributor and that the above-captioned case had come to an end." **ECF No. 74-2** at 5.

[2] Defendant however did not cite any rule or caselaw suggesting that a factual allegation cannot be well-pleaded under Fed. R. Civ. P. 12(b)(6) if it contains hearsay. Fed. R. Civ. P. 8 certainly says nothing of the sort. Thus, the Court need not address this undeveloped issue any further.

alleged termination could only be construed as a "constructive" termination and, thus, falls outside the scope of Law 75 protections. *Id*., at 14.

Although thorough, defendant's arguments are not enough to tilt the scales against Fed. R. Civ. P. 15's "liberality." For many years, federal courts have afforded great latitude to requests for leave to amend a pleading: "[i]n the absence of any apparent… reason[] such as undue delay, bad faith or dilatory motive… repeated failure to cure deficiencies… undue prejudice… futility of amendment, etc.[,] the leave sought should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. at 182. To that end, First Circuit caselaw "requires the court to examine the totality of the circumstances and to exercise its informed discretion in constructing a balance of pertinent considerations." *Palmer v. Champion Mortg*., 465 F.3d 24, 30–31 (1st Cir. 2006).

As explained before, defendant advances several arguments grounded on the amendment's futility and frivolousness. **ECF No. 86** at 7. "A proposed amendment is futile if it is either frivolous or contains some fatal defect." *Amyndas Pharmaceuticals, S.A. v. Zealand Pharma A/S*, 48 F.4th at 40 (citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 6 Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2022)). In other words, that "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id*., (quoting *Glassman v. Computervision Corp*., 90 F.3d 617, 623 (1st Cir. 1996)). However, as opposed to a plain Fed. R. Civ. P. 12(b)(6) attack, in this context, futility ought to be measured against Fed. R. Civ. P. 15's liberal criteria. *See Juárez v. Select Portfolio Servicing, Inc*., 708 F.3d 269, 276 (1st Cir. 2013).

As discussed before, defendant places much emphasis on the fact that the request to amend is a "desperate attempt… to cure the defects of the original complaint." **ECF No. 86** at 9. However, there is absolutely nothing wrong with that. The reasons proffered by a movant must be "valid" ones. Such "valid reasons include a motion to dismiss or a ruling from the court pointing out flaws in the original pleading or the discovery of new information." *Amyndas Pharmaceuticals, S.A. v. Zealand Pharma A/S*, 48 F.4th at 37. Thus, the fact that the proposed amendment is simply an instrument to eschew dismissal is perfectly valid and far from frivolous, at least in the Fed. R. Civ. P. 15 context.

Defendant's second argument fares no better. It posits that the factual premise that substantiates the need for an amendment is "false." To wit, defendant submitted an email claiming that it contains the communication upon which plaintiff's "new information" relies, **ECF No. 86** at 9, and purports that "termination" was never mentioned as plaintiff now suggests in the new allegation. First of all, to determine that a complaint fails to state a claim the Court must first assume that the allegations in the complaint are true (well-pleaded ones, of course). But even if the Court departed from this norm, the fact remains that plaintiff's new allegation does not suggest that the information came through an email. Thus, the Court cannot jump to conclude (at this stage) that the allegation is "false" based on an email defendant claims to be the source of plaintiff's "new" information.

Defendants also claims that the amendment is futile because a "third-party cannot terminate a distributorship agreement" under Law 75. **ECF No. 86** at 12. But the proposed

amendment does not state as much. Indeed, this argument misconstrues the plain text of the proposed amendment. Namely, "Ms. María de Lourdes Trinidad… informed [plaintiff] that [defendant]'s [Chief Executive Officer ("CEO")], Mr. Benjamin Jablonski had contacted her to inform that [plaintiff] was no longer [defendant]'s distributor." **ECF No. 74-2** at 5. Plaintiff is not alleging that a third party terminated the agreement. What the allegation purports is that the third party allegedly learned from defendant's CEO, that plaintiff was terminated.

Finally, defendant claims that the original complaint was filed under the incorrect assumption that the agreement was already terminated. *Id.*, at 14. Yet, again, what the proposed amendment indicates is not inconsistent, it simply deals with what plaintiff perhaps viewed as a loose end. It states: "[defendant]'s clear intent to terminate [plaintiff] materialized recently." **ECF No. 74-2** at 5. In any event, balancing the interests at hand and considering that Fed. R. Civ. P. 15 calls for liberality even when the motion for leave to amend comes after a complaint has been effectively dismissed under Fed. R. Civ. P. 12(b)(6), *Amyndas Pharmaceuticals, S.A. v. Zealand Pharma A/S*, 48 F.4th 38-39 ("It is common ground that [a]mendments may be permitted pre-judgment, even after a dismissal for failure to state a claim."), the Court holds that leave to amend in this case should be granted.

Accordingly, plaintiff's request for leave to file an amended complaint at **ECF No. 74** is **GRANTED**. Plaintiff shall file its amended complaint as a separate docket entry within five days of the issuance of this Opinion and Order. Because the amended complaint supersedes the original one, defendant's motion to dismiss at **ECF No. 23** is **DENIED** but **WITHOUT**

**PREJUDICE** to its reassertion once plaintiff files its amended pleading as a separate docket entry.[3]

      **B.**     **The amended complaint and the Report and Recommendation**

      A careful review of the original complaint's request for preliminary injunction and its counterpart in the tendered amended pleading (**ECF No. 74-2**), corroborates that they are not mutually exclusive. Moreover, plaintiff did not move for leave to amend or file a new motion for preliminary injunction after logging its request to amend the complaint. *See* **ECF No. 74**. Nor did plaintiff moved to reopen the evidentiary hearing to submit evidence of the new allegations (*i.e.* termination of the agreement). *Id*. Moreover, as conceded by plaintiff in its objections, the R&R recommendations are "based on [the Magistrate Judge's] belief that Tomgal had just cause to withhold its shipments of products to [plaintiff][.]" **ECF No. 65** at 2. Thus, following plaintiff's own reading of the R&R, the purported new evidence and allegations that compelled plaintiff to amend the complaint have no bearing on the Magistrate Judge's determinations as to the preliminary injunction.

      Therefore, the filing of the amended complaint has no impact whatsoever on the recommendations of the Magistrate Judge nor does plaintiff purports it does. **ECF No. 60**. As such, the Court will now address plaintiff's objections to the R&R.

---

[3] Although the Court is rejecting a finding of frivolousness under Fed. R. Civ. P. 15, it is not deciding if plaintiff has proceeded with a frivolous litigation for other purposes should the occasion for such a determination ever arise.

C.      **Plaintiff's objections to the R&R**

(i)     **Uncleared threshold hurdles**

(a)     **Motions for leave to reply**

Plaintiff filed a page-and-a-half motion requesting leave to reply. **ECF No. 81**. Without more, plaintiff only asserted that defendant's opposition to its objections "alleges new matters" and "deviates from the truth." **ECF No. 81** at 1. Yet it did not explain what these matters were, if any. In any case, it is plaintiff who attempts to introduce "new matters" to the mix by submitting 18 documents of "additional evidence" (**ECF No. 60** *et seq.*) that were not submitted before the Magistrate Judge. Because, as discussed below, the Court will not receive plaintiff's proposed "additional evidence," and because plaintiff has failed to proffer an otherwise valid reason, the motion for leave to file a reply at **ECF No. 81 is DENIED**. L. Civ. R. 7(c). Thus, the motion submitting the tendered reply at **ECF No. 84** is hereby **STRICKEN FROM THE RECORD**.

(b)     **"Additional evidence"**

Plaintiff filed its objections to the R&R seeking that the Court "reject" several of the Magistrate Judge's findings and issue a preliminary injunction under Law 75. However, a couple of threshold issues loom from the first pages of plaintiff's objections. **ECF No. 65** at 1-3.

First, plaintiff's challenges to the R&R are based on "the evidence presented" during the preliminary injunction evidentiary hearing "along with the additional evidence enclosed herein[.]" *Id.*, at 3. To boot, plaintiff request that the Court "reject and modify portions of the

R&R since they are not supported by the evidence already on record, in addition to that enclosed herein." *Id*. Appended to its objection filing, plaintiff included a set of 18 exhibits. Without any discussion supporting its barely explicit request for the Court to consider additional evidence in its review of the R&R, plaintiff simply cites a portion of L. Civ. R. 72(d) to point out that the Court "may" receive further evidence, recall witnesses, or recommit the matter to the magistrate judge. *Id*. In addition to the text of Fed. R. Civ. P. 72, plaintiff only made reference to a single case from the Court of Appeals for the Second Circuit.

Unlike plaintiff's scant and unsupported argument for the consideration of additional evidence, defendant submitted a full steam opposition citing on-point First Circuit caselaw. **ECF No. 79** at 1-3.[4]

"Parties must take before the magistrate, not only their best shot but all of their shots." *Borden v. Secretary of Health and Human Services*, 836 F.2d 4, 6 (1st Cir. 1987)(internal quotation marks omitted)(quoting *Singh v. Superintending School Committee*, 593 F.Supp. 1315, 1318 (D. Me. 1984). The Magistrate Judge system would lose its "purpose if the district court was required to hear matters anew on issues never presented to the magistrate." *Id*.

Under that backdrop, it is pertinent to underscore that contrary to the weightless proposition in plaintiff's objections, plaintiff is not entitled to *de novo* review in this instance. Fed. R. Civ. P. 72 "does not permit a litigant to present new initiatives to the district judge... an

---

[4] Moreover, defendant pointed out that some of the additional evidence plaintiff submitted to this Court was considered and deemed inadmissible by the Magistrate Judge. *See* **ECF No. 79** at 7.

unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the magistrate." *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990–91 (1st Cir. 1988)(citing *Accord Borden v. Secretary of HHS*, 836 F.2d 4, 6 (1st Cir. 1987)). *Marietti v. Santacana*, 111 F.Supp.3d 129, 133 (D.P.R. 2015)("the Court is not required to review new theories that were not raised before the magistrate judge.").

Courts in this District Court have consistently held that failure to present evidence to a Magistrate Judge constitutes waiver when seeking review by the District Court. *Molinelli-Freytes v. University of Puerto Rico*, 2012 WL 4664599, at 8 (D.P.R. 2012)("Were the Court to now consider such evidence that was not first presented to the Magistrate Judge prior to him issuing his Report and Recommendation, the Court would be allowing the parties to the proceedings before the Magistrate Judge as a mere dress rehearsal, reserving their critical claims and evidence for the main act before the District Judge."(Internal quotation marks omitted)). *Rosselló v. Avon Products,* Inc., 2015 WL 5693018, at n.1 (D.P.R. 2015)("Defendant had a full and fair opportunity to present this argument along with the evidence in the [] declaration before the Magistrate and failed to do so. Therefore, the argument and evidence are waived and this Court does not consider them.").

It is true, under Fed. R. Civ. P. 72(b)(3) and L. Civ. R. 72(d) the Court "may" receive additional evidence. However, in cases like this one, it certainly will not. Plaintiff offered no

reason why the Court should minimize the Magistrate Judge's system[5] and grant a *de novo* review of his motion for preliminary injunction with evidence it chose not to present before the Magistrate Judge or that while submitted was deemed inadmissible by the former. Moreover, plaintiff did not even suggest that the "additional evidence" it submitted with its objections was "new" or unavailable at the time the evidentiary hearing was held. *See* **ECF No. 65**. Because plaintiff failed to shoulder its burden as the objecting party, the Court went out of its way to make sure that the proposed "additional evidence" was not new evidence *per se*. After ferreting through the exhibits, the Court is convinced that they are not.

Ultimately, "[t]he district judge need not normally conduct a new hearing and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record." L. Civ. R. 72(d). Accordingly, the Court declines plaintiff's unsupported invitation to evaluate the "additional evidence enclosed" in its objections at **ECF No. 65** at 3. This conclusion is bolstered by the fact that, as discussed below, plaintiff has not "arranged for the transcript of the record." Fed. R. Civ. P. 72(b)(2).

### (c)    Transcript of the record

Although a significant part of plaintiff's objections questions the Magistrate Judge's credibility findings, to this date, it has not submitted a transcript of the evidentiary hearing. Fed. R. Civ. P. 72(b)(2) clearly states that "**[u]nless the district judge orders otherwise**, the objecting

---

[5] "The system is premised on the notion that magistrates will relieve courts of unnecessary work." *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988)

party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient." (Emphasis added). Plaintiff did not proffer any good reasons why the Court should dispose of the record in reviewing the Magistrate Judge's credibility assessments. Moreover, plaintiff did not move to secure leave of Court or otherwise under Fed. R. Civ. P. 72(b)(2). As it stands, plaintiff failed to comply with Fed. R. Civ. P. 72(b)(2).

To be sure, "[w]hile the standard of review on objection to the [R&R] is *de novo*, the court has not been provided with a transcript of the hearings before the Magistrate Judge… As the objecting parties, plaintiffs bore the responsibility to promptly arrange for transcribing the record." *Coughlin v. Town of Arlington*, 2011 WL 6370932, at 6 (D. Mass., 2011). Thus, as to this aspect too, plaintiff has failed to comply with its obligations as the party objecting to the R&R.

Due to plaintiff's blatant disregard for Fed. R. Civ. R. 72 requirements, the Court cannot and will not second guess the Magistrate Judge's findings.

### (ii)    Objections

The R&R assumed that the defendant's conduct[6] constitutes an "impairment" for Law 75 purposes. Thus, the Magistrate Judge moved on to evaluate whether defendant had "just cause", *see* PR Laws Ann. Tit. 10 sec. 278(d), or if the "principal's own circumstances can also justify an impairment or termination of a distribution agreement." **ECF No. 65** at 8. Both of which, justify

---

[6] "[R]efused to deliver the products requested in its purchase orders in 2022 (and did not return the $94,213.48 deposit made by EMI), delayed shipments in 2021, and withheld payment of pending invoices ($65,934.39) from Walmart stores in 2022." **ECF No. 65** at 7.

the assumed impairment.  Citing and applying *R.W. Int'l Corp. v. Welch Food, Inc.*, 88 F.3d 49 (1st

Cir. 1996), the Magistrate Judge found that:

> While EMI may be able to establish that it is an exclusive dealer of Robin
> Ruth in Puerto Rico and that it was at liberty to sell competing products to
> those of Robin Ruth, it is not reasonable to conclude that EMI could use the
> shelves and logo of Robin Ruth to sell the competing brand of Fashion
> Code, especially given the similarities between the Fashion Code products
> and those of Robin Ruth. It is also not reasonable to conclude that EMI could
> use the Robin Ruth UPC in the tags of the Fashion Code product… these
> actions could certainly be held to constitute defaults on EMI's essential
> obligations in the distribution of Robin Ruth and to have adversely and
> substantially affected Robin Ruth's interests in promoting its products in
> Puerto Rico. *PPM Chem. Corp. of P.R. v. Saskatoon Chem. Ltd.*, 1990 WL 98404,
> 6 (D.P.R. June 29, 1990)…
>
> […] Reaching the contrary conclusion would be to conclude that while
> Robin Ruth is required to sell exclusively through EMI, EMI could be
> allowed to use the market already developed for Robin Ruth to prioritize
> competing (and very visually similar) products from Fashion Code. But
> Law 75 is not intended to impose unreasonable restrictions on the
> principal's business. *See José Santiago, Inc. v. Smithfield Packaged Meats Corp.*,
> 2023 WL 3069638 at 10- 12 (discussing a flexible approach to just cause).
> EMI's request for equitable relief is not supported by the purpose behind
> Law 75: to level the playing field and not subordinate one enterprise to
> another.

*Id.*, at 10-11. The R&R also concluded that plantiff's "claim of lost sales and reduction in annual

sales are purely economic in nature and can be addressed with a monetary award." *Id*. Because,

on the other hand, defendant's proved that its brand and goodwill are more important than

money, the Magistrate Judge also found its interests outweighs the hardship to be sustained by

plaintiff in the absence of the preliminary injunction. *Id.*, at 13. Ultimately, the Magistrate Judgee

found, granting the injunctive relief would not serve Law 75's public policy objectives since it

"would allow [plaintiff] to have exclusive access to [defendant's] products while prioritizing"

products of a purported competitor. *Id*. The Magistrate Judge thus recommends the Court deny

plaintiff's request for preliminary injunction.

Plaintiff challenges both the R&R's factual findings and legal conclusions. The Court will

address each separately.

###### (a)      Findings of Facts

In its objections, plaintiff first challenges the Magistrate Judge's finding number 11, which

states that the proposed written agreement (which plaintiff did not sign) "intended" to "reduce

to writing the verbal agreement already in place between" plaintiff and defendant. **ECF No. 65**

at 5-6. However, the Magistrate Judge explicitly indicated that this finding was based on

defendant's Chief Executive Officer's, Benjamin Jablonski ("Jablonski"), testimony. **ECF No. 60**

at 3. For the reasons stated before, the Court will not second guess the Magistrate Judge's

findings of credibility of the witnesses' testimony.

Next, plaintiff challenges the Magistrate Judge's finding that "Fashion Code is a brand

created by Franchesco Castano ("Castano") during his tenure at Robin Ruth." **ECF No. 65** at 6.

Yet, plaintiff concedes this finding also finds support in the "testimonies of [defendant's

managing member, Mr. Omri Shabi ("Shabi")] and Mr. Jablonksi on the matter." *Id*. Thus, the

Court will not reject the Magistrate Judge's appraisal of the live testimony of not one, but two

witnesses.

The same goes for plaintiff's attack on finding number 18. **ECF No. 65** at 7 ("if Mr. Jablonski's testimony were to be given any weight"). According to the R&R, the Magistrate Judge arrived at her conclusion based on "[t]estimonies of Shabi and Jablonski." **ECF No. 60** at 4. Plaintiff also question the fact that "In June 2022, [plaintiff] placed products purchased from Fashion Code in spaces previously approved for [defendant's] products at Walmart." **ECF No. 65** at 9 (questioning the R&R's finding of fact number 21). His quarrel is aimed at the purported failure of the Magistrate Judge to "consider and put in context Mr. Moran's testimony." *Id*. Yet, plaintiff's shortcomings preclude the Court from entering that particular arena.

Likewise, plaintiff challenges finding number 22 based on his proffer of what was "testified by Mr. Morán" and what "Mr. Shabi… omitted to inform the Magistrate Judge of it as part of his testimony." **ECF No. 65** at 10. Moreover, plaintiff's dissatisfaction with finding number 23 "follows a similar rational." *Id*., at 11. To wit, "Mr. Shabi omitted to tell the Court that he was aware that Fashion Code products had been approved by Walmart… He further omitted to testify that Mr. Moran had informed him that: (1) those UPCs belonged to EMI and thus, it could use them freely; (2) it was EMI's decision to continue using them for Robin Ruth products; and that (3) to avoid discrepancies, EMI decided that all such products wrongfully tagged would be removed from the stores and relabeled. *Id*. Plaintiff cited several proposed exhibits in support, but it failed to explain if they were submitted to the Magistrate Judge or, if it was not, the grounds for this Court to consider it.

Accordingly, plaintiff's challenges to the Magistrate Judge's findings are hereby **DENIED**.

### (b).    Legal conclusions

Plaintiff divided its discussion in four arguments tracking the injunction prongs. Addressing the likelihood of success prong of the injunction inquiry, plaintiff argues that "even if the Magistrate Judge believed, with the evidence at hand, that [defendant] could prove just cause[,]" which she did, the "**additional** evidence accompanied herein **would clarify and correct the premises on which the Magistrate Judge based** the objected findings of fact, so as to tip the scale on likelihood of success in favor of EMI." **ECF No. 65** at 14 (emphasis added). In the next few pages of its objection filing, plaintiff delves into the content of such "additional" evidence. However, for the reasons stated and discussed before, the Court need not and will not consider plaintiff's "additional" evidence. *See Molinelli-Freytes v. University of Puerto Rico*, 2012 WL 4664599, at 8; *Rosselló v. Avon Products*, Inc., 2015 WL 5693018, at n.1.

Furthermore, plaintiff also contends that the sale of certain products that were similar to defendant's (assuming some of them are) were not "detrimental" to the relationship by relying on the theory that the "[t]he only evidence presented by [defendant] was the self-serving and unsupported testimony of Mr. Shabi and Mr. Jablonski." **ECF No. 65** at 17. But, as stated before, the Court is in no position to call into question the factual determinations of the Magistrate Judge.

Plaintiff also makes a claim against the notion that certain confidential agreements were breached by plaintiff. However, to support this particular argument plaintiff assumes that the Court will override the findings of fact of the Magistrate Judge and adopt the findings proposed in its objections (which the Court denied elsewhere in this Opinion and Order). **ECF No. 65.** To wit, "the Magistrate Judge erroneously determined as facts matters that are still being adjudged" including "whether Mr. Francesco Castano created Fashion Code while he was working for Robin Ruth, or afterwards." *Id.*, at 18. Once again, plaintiff failed to shoulder its burden in challenging the Magistrate Judge's findings of fact, including finding number 16, which states that the "Fashion Code is a brand created by [Castano] during his tenure at Robin Ruth." **ECF No. 65** at 6; **60** at 4.

Arguing against the R&R's likelihood of success determination, plaintiff raises some issues with the prices between defendant's brand and another one. In this regard, even though the movant ought to carry the burden of proof, plaintiff relies on its contention that "it is a fact that neither of the parties presented evidence showing the prices of either Robin Ruth of Fashion Code products." **ECF No. 65** at 21. *New Comm Wireless Services, Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002). As to its shelving of products and the "[Universal Product Code ("UPC")] numbers," plaintiff relies on the "additional" evidence that, as discussed before, this Court has declined to "receive." **ECF No. 65** at 22. Moreover, plaintiff admits "this matter was also explained in detail, both during the hearings and earlier in this brief." *Id., but see Cruz-Berríos v. Borrero*, 2020 WL 5820955, at *3 (D.P.R., 2020)("unworthy of a de novo review because [the

argument] was a rehash"); see *Pabón-Mandrell v. United States*, 91 F. Supp. 3d 198, 201 (D.P.R. 2015); *United States v. Morales-Castro*, 947 F. Supp. 2d 166, 170-171 (D.P.R. 2013) (citing *González-Ramos v. Empresas Berríos, Inc.*, 360 F.Supp.2d 373, 376 (D.P.R. 2005)); *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp.2d 32, 34 (D.P.R. 2004)(quoting *Sackall v. Heckler*, 104 F.R.D. 401, 402-403 (D.R.I. 1984)). And as to the UPC numbers, plaintiff admits it wrongfully tagged the product. **ECF No. 65** at 22.

Plaintiff further argues that the potential impact to defendant's agreement with Walmart should not be chalked against it. But this argument too hinges on "Jablonski's speculative nature, his lack of credibility, and failure to produce evidence to support his testimony." *Id*. In plaintiff's view, "no potential liability ever existed; it was yet another exaggeration on Mr. Jablonski's part, devoid of documentary evidence to support such concerns." *Id*., at 23.

Plaintiff mashed together the discussion of the elements concerning the likelihood of success and its alleged irreparable harm under the contention that the Court "should find that [plaintiff] is likely to succeed on the merits of its claims and that [defendant] is unlikely to show just cause to proceed as it has. Under this presumption evaluating irreparable harm and its likelihood of success on the merits must be considered together." **ECF No. 65** at 27. Because plaintiff's objections miss the likelihood of success bar by a wide margin, if the Court accepted this two-for-one approach, then it would also find plaintiff's proffer of irreparable harm equally deficient. In any event, based on plaintiff's principal's testimony and the fact that most of its purported damages are monetary losses, the Magistrate Judge concluded that plaintiff's request

did not meet the irreparable harm prong. The Court finds absolutely nothing on the record (and, of course, plaintiff points nowhere) to find differently. Indeed, in the objections' four paragraphs of irreparable harm discussion, plaintiff does not reference any portion of the record to support their argument. *See* **ECF No. 65** at 11.

Based on the above, the Court **OVERRULES** plaintiff's objections to the R&R at **ECF No. 65.** *New Comm Wireless Services, Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002)("if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors[7] become matters of idle curiosity"); *Akebia Therapeutics, Inc. v. Azar*, 976 F.3d 86, 100 (1st Cir. 2020)("we have made it luminously clear that likelihood of success is the sine qua non of the preliminary injunction inquiry."). Accordingly, the Court hereby **ADOPTS** the R&R at **ECF No. 60 and DENIES** plaintiff's request for preliminary injunction at **ECF No. 8.**

## IV.    Conclusion

The Court hereby **OVERRULES** defendants' objections to the R&R at **ECF No. 65**, and **ADOPTS** the R&R at **ECF No. 60**. Accordingly, the motion for preliminary injunction at **ECF No. 8** is **DENIED**.

The motion to amend the complaint at **ECF No. 74** is **GRANTED**.

---

[7] In any case, plaintiff's balance of hardships' argument rests on a pilar of sand: that the Magistrate Judge's findings are based on the testimony heard during the evidentiary hearing, which plaintiff suggests is not "supported" by the "record." **ECF No. 65** at 28 (*inter alia*, "the R&R's conclusion was based on mistaken premises, false testimony[.]"). Similarly, plaintiff builds it "public policy of Law 75" argument solely on its attack on "the complete absence in the record to support such finding." *Id.*, at 29. As discussed before, the Court will not "receive" plaintiff's purported "additional" evidence nor will it second guess the Magistrate Judge's credibility findings.

The motions for leave to file replies and sur-replies and related filings at **ECF Nos. 81, 84, 87, 88, 89, 91** are **DENIED**. Plaintiff shall file its amended complaint as a separate docket entry within five days of the issuance of this Opinion and Order. Defendant's motion to dismiss at **ECF No. 23** is **DENIED WITHOUT PREJUDICE** to its reassertion once plaintiff files its amended pleading as a separate docket entry.

The motion for leave to file in excess of pages at **ECF No. 80** is **GRANTED**. Subsequent filings shall comply with Local Civil Rules.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 28th day of September, 2023.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**